# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **THOMAS KING,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00379 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **HAROLD W. CLARKE, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Thomas King, Pro Se Plaintiff.*

The plaintiff, Thomas King, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging vaguely that prison officials have violated his constitutional rights, related to his religious diet and his filing of grievances. I am currently reviewing the Amended Complaint for possible summary dismissal under 28 U.S.C. § 1915A for failure to state a claim upon which relief could be granted. Now King has filed a motion for a temporary restraining order prohibiting officials from retaliating against him for exercising his right to due process. After review of the record, I will deny this motion.

"A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). A party seeking a preliminary

injunction must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Each of these four factors must be satisfied.  *Id.*  "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to relief."  *Id.* at 22.

King's motion does not show any likelihood of irreparable harm in the absence of the requested court intervention.  His motion merely states that he wants a restraining order "due to the retaliation that is ongoing at this facility due to [his] using [his] due process rights."  Mot. 1, ECF No. 14.  King does not describe any act of retaliation that has or is likely to occur or any harm he has suffered or is likely to suffer in the future from the unspecified retaliation.  Without specific details about these facets of the *Winter* test, King does not qualify for the extraordinary relief he seeks.  Therefore, it is **ORDERED** that his motion, ECF No. 14, is DENIED.

    ENTER:  January 18, 2024

    /s/  JAMES P. JONES
    Senior United States District Judge