CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 24, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **THOMAS KING,** | |
| Plaintiff, | Case No. 7:23CV00379 |
| v. | **OPINION** |
| **HAROLD W. CLARKE, ET AL.,** | JUDGE JAMES P. JONES |
| Defendants. | |

*Thomas King, Pro Se Plaintiff.*

Plaintiff Thomas King, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that on occasion, prison officials failed to provide him with his religious diet meals. After review of his submissions, I conclude that this action must be summarily dismissed.

King's claims are based on alleged events during his incarceration at Wallens Ridge State Prison. In King's initial Complaint, he alleges that he is "on a special sealed religious diet," but on "multiple occasions [he] was denied the right to eat because the security officers refused to retrieve [his] special diet when it didn't come after it was ordered." Compl. 2, ECF No. 1. These officers told King to "stop writing them up for not getting [his] special diet. If they ordered it it's out of th[ei]r hands." *Id.* King claims he went hungry on unspecified days "due to lack of responsibility by sworn in officers." *Id.* Grievances he filed about this issue were

allegedly not "processed." *Id.* at 3. He claims that in retaliation for his complaints, he was "relieved of [his] duties from working in the kitchen due to contriving to exercise the due process procedure about not being fe[d] on [his] days off." *Id.* King named several VDOC employees as defendants, but failed to state facts about what any one of them did to violate his constitutional rights.

The court advised King of this deficiency and granted him an opportunity to file an Amended Complaint. Specifically, the court's Order notified King that to state a claim against any defendant under § 1983, an Amended Complaint should include "the following types of information: relevant dates, places, and participants, and a chronological sequence of events, factual details about what each of the defendants did, personally, that allegedly violated [his] rights, and what harm King suffered as a result of each defendant's actions." Order 1, ECF No. 12.

King responded by filing an Amended Complaint that presented additional claims but he did not correct the deficiencies in the original filing. The Amended Complaint did not include any dates and did not provide any information about how King was harmed by the defendants' actions. Instead, King added claims in the Amended Complaint that had no relationship to the claims in his original Complaint — regarding loss of personal property (unspecified), allegedly wrongful withdrawals from his inmate trust account, a requirement for him to use sick call to get medical

attention, failure to process grievances, confiscation of religious items and books sent to him by his family, and unspecified retaliation.  Am. Compl. 4, ECF No. 13.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b)(1).  Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights.  *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).  To survive screening under § 1915A, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.*; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights").

First, I will assume, for purposes of this Opinion, that King intends to bring his § 1983 religious diet claim under the Free Exercise Clause of the First

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

Amendment. "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). "This [right] encompasses policies that impose a substantial burden on a prisoner's right to practice his religion." *Wall v. Wade*, 741 F.3d 492, 498 (4th Cir. 2014). For constitutional purposes, such a burden is one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thomas v. Rev. Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707, 718 (1981). Officials' negligent or inadvertent acts that cause unintentional interference with an inmate's religious practice do not violate the Free Exercise Clause. *Lovelace v. Lee*, 472 F.3d 174, 1194, 201 (4th Cir. 2006).

King's Amended Complaint apparently asserts that his religious beliefs were burdened because, on unspecified dates, various officers serving inmate meals informed him that kitchen staff had not provided King with the diet meals he expected, so King apparently refused any other meal. King does not state any facts, however, showing that these alleged circumstances placed a substantial burden on his religious practice. Indeed, King does not identify his religious beliefs or state why receiving or consuming food items from the prison's normal menu would have pressured him in any way to violate his religious beliefs. *Thomas,* 450 U.S. at 718. At the most, King's allegations suggest that kitchen staff made inadvertent, negligent mistakes on unspecified dates — by sending the wrong meal for him. Such negligent

or inadvertent mistakes do not give rise to a claim for which any defendant can be held liable under § 1983 for depriving him of his First Amendment right to free exercise of his beliefs.

Similarly, King's allegations do not support a claim that officials violated his Eighth Amendment rights. Missing an occasional meal simply does not constitute cruel and unusual punishment. *Brown v. Mathena*, No. 7:10CV00192 (W.D. Va. May 14, 2010) (dismissing under § 1915A(b)(1) inmate's claim that he missed one dinner meal), *aff'd*, No. 10-6772 (4th Cir. Sept. 3, 2010) (unpublished). I will summarily dismiss King's claims concerning his missed religious meals pursuant to § 1915A(b)(1).

Furthermore, none of King's other amended claims provide sufficient detail about individual defendants' actions or about when or how their actions harmed King. *Vinnedge*, 550 F.2d at 928. Even after the court instructed King that each claim needed these specific details, he has failed to provide them. Thus, his Amended Complaint fails to correct the deficiencies of which the court notified him.[2] Accordingly, I will summarily dismiss it under § 1914A(b)(1).

---

[2] Under the joinder rules of the Federal Rules of Civil Procedure, Rules 18 and 20, King's amended claims are not properly joined to each other or to the claims King raised in his initial Complaint. King remains free to pursue all of the claims he has presented in the Amended Complaint by raising them in separate civil actions, provided that he states sufficient claims to meet the required elements of plausible claims under § 1983, as he was instructed to do. I will simply not allow him to jam misjoined and unsupported claims into one civil action as he has attempted to do here.

A separate Final Order will be entered herewith.

> DATED: April 24, 2024
>
> /s/  JAMES P. JONES
> Senior United States District Judge